UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CA FUNDS GROUP, Inc., <br><br> Plaintiff, <br><br> v. <br><br> WALKER & DUNLOP INVESTMENT ADVISORY SERVICES, LLC and WALKER & DUNLOP, LLC, <br><br> Defendant. | No. 13 C 9103 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff CA Funds Group, Inc. ("CAFG") has brought this action for breach of contract against Defendants Walker & Dunlop Investment Advisor Services, LLC and Walker & Dunlop, LLC ("Defendants"). Currently before the Court is Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. For the following reasons, Defendants' motion is denied.

## BACKGROUND

Defendants provide commercial real estate financial services in the United States, primarily focusing on multi-family lending. Plaintiff is a registered broker-dealer specializing in the private placement of real estate debt and equity securities and other real estate-related investment products developed for institutional investors. On March 5, 2012, Defendants and Plaintiff entered into an initial contract providing that Plaintiff would assist Defendants in identifying potential opportunities for Defendants to grow their institutional investment management business.

The parties then engaged in discussions that focused on debt investment instruments

involving multifamily-related real estate projects in the United States. On June 11, 2012 Plaintiff and Defendants entered into a supplemental agreement to the initial contract (the "Supplemental Agreement"). This agreement outlined the services that Plaintiff would provide to Defendants in connection with this multifamily debt strategy and is at the heart of the dispute before the Court.

Under the Supplemental Agreement, Plaintiff agreed to perform certain marketing and capital raising services in connection with: (1) a discrete fund specifically referenced in the agreement to be sponsored by Defendants; and (2) any other alternative debt-focused vehicles that were ultimately sponsored by Defendants and that came about directly from Plaintiff's marketing and capital raising efforts. In return, Plaintiff was to be paid a retainer fee, plus a placement fee of 1.4% of any equity capital raised.

In January 2013, Plaintiff learned that Defendants had secured two $190 million commitments from two institutional investors (the "Institutional Investors") to fund a venture implementing a similar multifamily debt strategy. While acknowledging that this venture is not the "fund" referenced in the Supplemental Agreement, Plaintiff asserts that the venture does qualify as an Alternative Vehicle as contemplated by the agreement. Plaintiff asserts that it is therefore entitled to its fee. Defendants disagree and have refused to pay. This suit followed.

## DISCUSSION

When considering a motion to dismiss for failure to state claim, the court treats all well-pled allegations as true, and draws all reasonable inferences in plaintiff's favor. *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir.2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). Factual allegations must be enough to raise a right to relief above the speculative level, that is, the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Id.*

In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Plaintiff was engaged to, *inter alia*, prepare offering materials with which Defendants would seek to identify potential opportunities to obtain equity capital for Alternative Vehicles. It is clear that the Supplementary Agreement preserves Defendants' right to solicit investors independent of Plaintiff (based upon any investment strategy) without triggering any fees owed to Plaintiff. But it is also clear that this right is preserved only insofar as any investments that are ultimately secured are not the direct result of Plaintiff's marketing efforts.

Defendants note that Plaintiff does not even know the identities of the Institutional Investors, and thus Defendants having secured a commitment from them could not possibly have resulted directly from Plaintiff's marketing efforts. In my view, Plaintiff having such knowledge, *vel non*, is not dispositive.

Thus far Defendants have disclosed nothing about the means by which they identified the opportunity to obtain equity capital that they ultimately found in the Institutional Investors. While it is certainly possible that this opportunity is outside the reach of the Supplemental Agreement, it is not clear that that is the case. And, in my view, Plaintiff has adequately pled to the contrary. If, for example, Defendants made substantial use of offering materials that Plaintiff prepared under the Supplementary Agreement in securing the opportunity with the Institutional

3

Investors, it would certainly be plausible to conclude that the opportunity was secured as a direct result of Plaintiff's marketing efforts.

Plaintiff's complaint survives Defendants' 12(b)(6) attack, but just barely. The pleadings are sufficient to entitle Plaintiff to discover the details surrounding Defendants' acquisition of the commitment from the Institutional Investors. At issue is whether securing these investments resulted "directly from CAFG's marketing and capital raising efforts" as described in the Supplemental Agreement.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 21, 2014